UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BARBER BROTHERS CONTRACTING          CIVIL ACTION
COMPANY, L.L.C.

        NO.  13-105-SDD-RLB

VERSUS

THE HANOVER INSURANCE
COMPANY, REGIONS INSURANCE
COMPANY, ENTERGY GULF STATES
LOUISIANA, LLC

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 6, 2013.

                                                                                                _____
                                                                                       RICHARD L. BOURGEOIS, JR.
                                                                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBER BROTHERS CONTRACTING COMPANY, L.L.C.** | **CIVIL ACTION** |
| | **NO. 13-105-SDD-RLB** |
| **VERSUS** | |
| **THE HANOVER INSURANCE COMPANY, REGIONS INSURANCE COMPANY, ENTERGY GULF STATES LOUISIANA, LLC** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a referral from the District Court of the plaintiffs' Motion to Remand. (R. Doc. 18). The motion is opposed. (R. Doc. 26).[1] This matter was removed on the basis of diversity jurisdiction, 28 U.S.C. § 1332. The issue before the Court is whether there is complete diversity of citizenship between the plaintiff and the defendants. As set forth in the briefs, the parties dispute whether plaintiff Barber Brothers Contracting Company, L.L.C. ("Barber Brothers") is a citizen of Pennsylvania and therefore complete diversity does not exist.

**I.     Background**

Plaintiff filed its cause of action for breach of contract and damages in the 19th Judicial District Court in East Baton Rouge Parish, Louisiana on November 15, 2012. (R. Doc. 1-1 at 4). Plaintiff named (1) its insurer, Hanover Insurance Company ("Hanover"), (2) Hanover's agent, Regions Insurance Company ("Regions"), and (3) Entergy Corporation as Defendants. (R. Doc.

---

[1] The plaintiff also filed a reply memorandum (R. Doc. 29).

1

1-1 at 4).[2]  Plaintiff alleges that Hanover and Regions are liable for breach of contract, while Entergy is liable in tort for its negligent damage to Plaintiff's property. (R. Doc. 1-1 at 8, 9).

    A.    <u>Defendants' Removal</u>

Defendants Hanover, Regions, and Entergy (collectively "Defendants"), removed the action to this Court on February 19, 2013, which was within 30 days of service. (R. Doc. 1 at 2) (service occurred on January 22, 2013); *see* 28 U.S.C. § 1446(b) ("notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading").  Defendants' Notice of Removal alleges this Court has subject matter jurisdiction over Plaintiff's claims based on diversity jurisdiction. (R. Doc. 1 at 2); *see* 28 U.S.C. §§ 1332, 1441(b) (diversity of citizenship and removal).  According to Defendants, the parties are completely diverse and the amount in controversy exceeds $75,000 (R. Doc. 1 at 2-3, 5).

In the Notice of Removal, Defendants represent that Entergy is a limited liability company whose members are citizens of Texas and Pennsylvania. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members.").  Hanover represents its state of incorporation as New Hampshire and Massachusetts as its principal place of business. *See Hertz Corp v. Friend*, 559 U.S. 77, 88 (2010) (corporation is citizen of both its state of incorporation and its principal place of business); 28 U.S.C. § 1332(c)(1).  Regions is incorporated in the State of Arkansas and maintains its principal place of business in Alabama.

In the Notice of Removal, Defendants represent that Plaintiff is a limited liability company whose members — Lionel H. Barber, Audrey Lee Barber and Paul T. Barber — are all domiciled in Louisiana. *See Harvey*, 542 F.3d at 1080; *Mas v. Perry*, 489 F.2d 1396, 1399 (5th

---

[2] Defendants explain that Entergy Corporation is "incorrectly referred to in Plaintiff's Petition" and is not a proper Defendant to the suit. (R. Doc. 1 at 1 n.1).  Instead, Entergy Gulf States Louisiana, L.L.C. is the appropriate Defendant.  Plaintiff has not disputed this.

Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

    B.   <u>Motion to Remand and Argument of the Parties</u>

Following removal, Plaintiff moved to remand on July 9, 2013, alleging complete diversity did not exist. (R. Doc. 18). Through an affidavit by its authorized representative and custodian of records, Plaintiff stated that it "is a limited liability company consisting of twenty-one members," instead of three. (R. Doc. 18-1 at 4). Plaintiff provided a listing of its members, including 15 individuals and 6 trusts. Plaintiff stated that one of its members, the Robert J. Fitzgerald Management Trust ("Trust"), is not completely diverse from Defendant Entergy because both are citizens of Pennsylvania. (R. Doc. 18-1 at 5-6).

In its Reply Brief, Plaintiff submitted a revised affidavit and explained that the 6 member trusts had all terminated prior to this lawsuit.[3] (R. Doc. 29). Plaintiff alleges that the sole beneficiary of the Robert J. Fitzgerald Management Trust – Robert J. Fitzgerald – received his interest in the trust on August 25, 2001, and pursuant to the Operating Agreement of Barber Brothers, became a member. (R. Doc. 29 at 3). Plaintiff alleges that Robert J. Fitzgerald is a citizen of Pennsylvania and therefore complete diversity is not present. (R. Doc. 29 at 3).

Defendants Regions and Hanover dispute Plaintiff's argument for remand on two grounds. First, Plaintiff has not produced "any documentation to substantiate the existence, termination, or succession of the trust property." (R. Doc. 26 at 8). If the Trust is still in

---

[3] Plaintiff's affidavit includes a listing of all of its members along with their "business addresses." Assuming that this is an accurate listing of all of the members, the business address of an individual is not enough to determine citizenship. Likewise, the Defendant's Notice of Removal is insufficient in that it fails to "distinctly and affirmatively" allege the citizenship of each party because it fails to mention any of these additional members. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged."). Should the Plaintiff's instant Motion to Remand be denied, the Defendants must amend the notice of removal and allege the identity and citizenship of each member of Barber Brothers.

existence then the citizenship is determined by the trustee – a citizen of Georgia. Second, even if the Trust expired, Robert J. Fitzgerald is an "assignee" of the L.L.C. Under Louisiana law and the Operating Agreement, he has not satisfied the prerequisites for membership. Therefore, the Plaintiff does not have a member whose citizenship is Pennsylvania. (R. Doc. 26 at 8-12).

**II.     Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

**A.     The Citizenship of the Robert J. Fitzgerald Management Trust**

In its revised affidavit dated October 7, 2013, Barber Brothers provided the business addresses for its members. (R. Doc. 29-1 at 9). No trusts are listed as members. In the previous

affidavit executed on July 9, 2013 and its accompanying exhibit, 6 trusts were identified as members. (R. Doc. 18-2 at 1-3).[4]

There is some dispute as to the continued existence of these trusts. The parties agree, however, that the citizenship of a trust, for diversity purposes, is determined by the citizenship of the trustee, not the beneficiary. (R. Doc. 26 at 4-8; R. Doc. 29 at 3).[5]

The determination of the citizenship of a trust is not completely settled in the Fifth Circuit in light of the holdings of the Supreme Court in *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) and *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). *See Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009) (citing *Navarro* for proposition that citizenship of a trust is that of its trustee without analysis of *Carden* as to this issue); *Murchison Capital Partners. L.P. v. Nuance Communications, Inc.*, No. 12-4746, 2013 WL 3328694, at *3 (N.D. Tex. July 2, 2013) ("[t]he citizenship of a trust is that of its trustees"); *but see Berry v. Chrysler Group, LLC*, No. 12-1492, 2013 WL 416218, at *6 (S.D. Tex. Jan. 31, 2013) (noting that the Fifth Circuit "has not had occasion to address the impact of *Carden* with regard to citizenship of trusts" and concluding that the citizenship of the beneficiaries of a trust is considered for diversity jurisdiction in accordance with *Carden*).

Pursuant to the Fifth Circuit's statement in *Mullins*, because the trustee of the Robert J. Fitzgerald Management Trust is a citizen of Georgia, complete diversity exists if the Trust is properly considered a member of the LLC or its citizenship is considered for purposes of diversity jurisdiction. Plaintiff explains, however, that the member trusts were all terminated and

---

[4] Plaintiff has provided the Last Will and Testament of L.P. Barber that provides for the transfer of interests of certain property to the various trusts. (R. Doc. 29-1 at 1-5). Plaintiff represents that certain Shares of Barber Brothers were transferred to the various trusts, including the Robert J. Fitzgerald Management Trust, upon the death of L.P. Barber, pursuant to the terms of the Will and Testament.

[5] In Defendants' Response to Plaintiff's Motion to Remand, Defendant Entergy does not challenge Plaintiff's original argument that the citizenship of a Trust is that of its beneficiary. (R. Doc. 19 at 1-2). Plaintiff has since withdrawn that position.

therefore their citizenship is not relevant.[6]  The Court will therefore consider whether the termination of the Robert J. Fitzgerald Trust has resulted in a change in Plaintiff's citizenship so that diversity of citizenship does not exist.

### B. Membership of Barber Brothers Contracting Company, L.L.C. upon Termination of the Robert J. Fitzgerald Management Trust

Barber Brothers is a Louisiana Limited Liability Company formed in December of 1997. (R. Doc. 26-1 at 6-17).  Pursuant to an affidavit of its authorized representative and custodian of records, its member the "Robert J. Fitzgerald Mgt. Trust" had terminated upon its respective beneficiary attaining the age of 30 years. (R. Doc. 29-1 at 7-8).  Plaintiff represents that this occurred on August 25, 2001. (R. Doc. 29 at 3).

Louisiana Revised Statute 12:1333 states that if a member of a limited liability company is a trust, and that trust "is dissolved or terminated, the member's membership ceases and the member's legal representative or successor shall be treated as an assignee of such member's interest in the limited liability company."  By operation of this provision, upon the termination of the Trust, Robert J. Fitzgerald would be an assignee of the Trust's interest in Barber Brothers.

Louisiana Revised Statute 12:1332 covers the right of an assignee to become a member. It states that "[e]xcept as otherwise provided in the articles of organization or a written operating agreement: (1) An assignee of an interest in a limited liability company shall not become a member or participate in the management of the limited liability company unless the other members unanimously consent in writing."  *Id.*  There is nothing in the record to support a determination that the other members have provided such unanimous consent.  The question becomes, therefore, whether there are provisions in the articles of organization or a written operating agreement that have been satisfied so as to confer <u>membership</u> on Robert J. Fitzgerald.

---

[6] Plaintiff has not, however, been able to produce the respective Trust Document setting forth the terms of the formation of this entity or of its termination (R. Doc. 29 at 3 n.1).

Article VII of the Articles of Organization, titled "Membership Interest," contains the following provision regarding the transfer of membership interests ("Shares"):

> "Except for the transfer restrictions contained in the Operating Agreement, the Shares shall be freely transferable and no consent of the members or board of directors shall be required to effect a transfer. The transferee of a Share shall be a member and shall succeed to all of the rights and interest attendant to such Share, including all voting rights and all rights to distribution and proceeds of liquidation. The transferee of a Share shall become a substituted member in the Company with respect to the Shares transferred and the transferor shall cease to be a member with respect to the Shares transferred." (R. Doc. 26-1 at 8).

This provision of the Articles of Organization thereby eliminates the need for unanimous consent in writing by the other members for an assignee to become a member (as set forth in La. R.S. 12:1332), so long as the transfer of interest satisfies "the transfer restrictions contained in the Operating Agreement" of Barber Brothers.

The Operating Agreement of Barber Brothers contains several provisions that cover circumstances surrounding the transfer of Shares. Section 5.6 states that "[i]f the Shareholder is an Entity and is dissolved or terminated, the Shareholder's successors shall be a Shareholder or Shareholders." (R. Doc. 26-2 at 21). Section 5.9 imposes certain restrictions on such transfers, but it specifically exempts transfers made by bequest or inheritance. (R. Doc. 26-2 at 22). The Court agrees with the Plaintiff that the transfer of shares through the Last Will and Testament of L.P. Barber to the Trust, and the dissolution of the Trust by its terms, would allow such a transfer to occur under the Operating Agreement without the need for the issuance of a favorable opinion of counsel or other evidence as contemplated by Section 5.9, as these transfers occurred by operation of "bequest or inheritance." (R. Doc. 29 at 6; 29-1 at 1-5).

7

The Operating Agreement, however, contains another provision in Section 8.5 that covers the "Nonrecognition of Certain Transfers." (R. Doc. 26-2 at 25). It states that:

> (a) **The Company will not, nor be compelled to, recognize any Transfer, or recognize any person or entity as a Shareholder or issue any certificate representing any Shares to any person, regardless of the event causing the need for the issuance, who has not delivered to the Company (i) a written undertaking to be bound by the terms and conditions of this Agreement,** (ii) for so long as the Company's status as an S Corporation continues, a written consent to the treatment of the Company as an S Corporation and (iii) if the Transferee is a Qualified Subchapter S Trust, satisfactory proof that a capital QRSST election has been properly made, and filed with the Internal Revenue Service. The Company will not, nor be compelled to, recognize any Transfer, or issue any certificate representing any Shares to any person, the Transfer to whom to which in the opinion of the Company's counsel could disqualify the Company as an S corporation. (R. Doc. 26-2 at 25) (emphasis added).

There is no indication that the Company's status as an S Corporation continued as of the time of the transfer to Robert J. Fitzgerald or that the "Transferee" is a Qualified Subchapter S Trust. Therefore, this provision would only require "a written undertaking to be bound by the terms and conditions of this [Operating] Agreement" by Robert J. Fitzgerald. Until such a written undertaking has been "delivered to the Company," the Company will not recognize any Transfer, will not recognize any person as a Shareholder, and will not issue any certificate representing any Shares to any person.

Although the Plaintiff states that "this clause is discretionary," it provides no factual or legal support or argument for this conclusion, despite the mandatory language of the provision (R. Doc. 29 at 7). [7] This is not an insignificant omission. Plaintiff relies on other terms of the Articles of Organization and Operating Agreement in order to escape the operation of La. R.S. 12:1332, yet has not satisfied the requirements of Section 8.5 needed for the recognition of such transfer and the issuance of any Shares to any person.

---

[7] *See U.S. v. UPS Customhouse Brokerage, Inc.*, 575 F.3d 1376 (Fed. Cir. 2009) (the word "will" is a mandatory term); *Rodi v. Ventetuolo*, 941 F.2d 22 (1st Cir. 1991) (identifying "will" as an "unmistakably mandatory term"); *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 922 F. Supp. 1334, 1373-74 (N.D. Iowa 1996) (same).

As such, at the time of the removal, the necessary requirements for the transfer of ownership of the Shares had not been perfected as required by the Operating Agreement. Pursuant to the Articles of Organization, the transfer of a Share is the predicate for becoming a member. Because the provisions of La. R.S. 1332 have not been met and that the requirements in the Articles of Organization and Operating Agreement have also not been met, pursuant to La. R.S. 1333, Robert J. Fitzgerald would have been an assignee of the Trust's interest, but not a member, at the time of removal, and therefore not considered for purposes of diversity. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) (diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members"); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members."); *Carbine v. Xalapa Farm Limited Partnership*, 980 F. Supp. 860, 864 (E.D. La. 1997) (requirements of Partnership Agreement must be met before assignees are considered partners for purposes of diversity jurisdiction); *United Nat. Ins. Co. v. Waterfront N.Y. Realty Corp.*, 907 F. Supp. 663, 671 (S.D.N.Y. 1995) (assignee had not satisfied the requirements of the Partnership Agreement and therefore assignee's citizenship not considered for diversity purposes); *Metalmark Northwest, LLC v. Stewart*, No. 04-682-KI, 2008 WL 803011 (D. Or. Mar. 20, 2008) (provisions of LLC operating agreement to convert assignee to member not satisfied and therefore citizenship of assignee not considered).

On October 8, 2013, almost 8 months after the case was removed to federal court, Robert J. Fitzgerald executed the required "Statement of Undertaking" as required by Section 8.5. (R. Doc. 29-1 at 6). Upon delivery of that written undertaking to the Company, the terms of the Operating Agreement and Articles of Organization have been satisfied. At that time Barber

9

Brothers, with a member that is a citizen of Pennsylvania, would likewise be considered a citizen of Pennsylvania.

This change in citizenship, however, will not destroy diversity.  "If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *see also Freeport–McMoRan v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Smith v. Sperling*, 354 U.S. 91, 93 n. 1 (1957).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (Rec. Doc. 18) should be **DENIED**.  The Court will re-visit the issue of complete diversity, if necessary, upon amendment of the Notice of Removal setting forth the complete citizenship of all members of the Plaintiff.

Signed in Baton Rouge, Louisiana, on November 6, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**